UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| Sports South, L.L.C.<br>*Plaintiff* | § | Civil Action No. |
| | § | |
| | § | |
| v. | § | Judge |
| | § | |
| | § | |
| | § | Magistrate Judge |
| United Parcel Service, Inc.<br>*Defendant* | § | |

**COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Sports South, L.L.C. ("**Sports South**"), which files this Complaint against Defendant, United Parcel Service, Inc. ("**UPS**"), and alleges:

**Nature of the Action**

1. This is an action for declaratory judgment brought pursuant to 28 U.S.C. § 2201.

2. UPS contends that Sports South is liable for $351,547.22 in damages for its alleged premature or wrongful termination of UPS's Incentive Program Agreement (the "**Agreement**"). UPS has threatened to file suit against Sports South should it not pay this amount to UPS by Monday August 31, 2020.

Sports South denies any liability to UPS under the Agreement. As such, Sports South herein seeks judgment from this Court declaring that:

(a) Sports South validly terminated the Agreement with UPS for cause; and

(b) Sports South is not liable to UPS for any damages under the Agreement.

**Parties**

3. Sports South is a limited liability company. It has individual and company members. Its individual members are: Markham A. Dickson Jr. and Paul M. Dickson, both of whom are citizens of Louisiana. Its company members are: MADT NO. 3 LLC, WLDT NO. 3 LLC, and WGT NO. 3 LLC. The sole member of MADT NO. 3 LLC is The 2019 Markham Allen Dickson, III Trust No. 3. The sole member of WLDT NO. 3, LLC is The 2019 Wendy Lane Dickson Trust No. 3. The sole member of WGDT NO. 3, LLC is The Whitney Gibbs Dickson Trust No. 3. The trustee of each of these trusts is Wilmington Trust Company, a corporation that was incorporated and maintains its principal place of business in Delaware.

4. UPS is a corporation. It was incorporated in Ohio and, upon information and belief, maintains its principal place of business in Georgia.

**Jurisdiction and Venue**

5. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). The parties are citizens of different States, as Sports South is deemed to be a citizen of Louisiana and Delaware, and UPS is deemed to be a citizen of Ohio and Georgia. The matter in controversy exceeds $75,000, exclusive of interest and costs. In an action for declaratory relief, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir.2002)(citation omitted). Here, Sports South seeks to prevent UPS from pursuing its claim for contractual damages in the amount of $351,547.22.

6. This Court has specific personal jurisdiction over UPS; this action arises from UPS's contacts with the state of Louisiana.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in this division of this district. Additionally, the Agreement provides that any party may file suit for a dispute arising out of the Agreement in any federal court having jurisdiction.

**Facts**

8. Sports South is a wholesaler of sporting goods. It sells its sporting goods to retail-purchasers in all fifty (50) states.

9. The goods Sports South sells are highly regulated by federal, state, and local authorities.

10. Sports South relies on commercial couriers to move its products through interstate commerce. Consistent, reliable, and secure delivery of its product is vital to Sports South's business and to maintaining its license in good standing with its regulator.

11. On December 16, 2016, Sports South and UPS entered into the Agreement, which provides that Sports South will utilize UPS's delivery services and, in exchange, provides certain pricing incentives to Sports South provided that Sports South meets certain shipping volume benchmarks.

12. The initial term of the Agreement is two hundred twenty (220) weeks, or approximately four years and two months.

13. The Agreement provides that Sports South may terminate it for cause upon fifteen (15) days' notice, and without cause upon thirty (30) days' notice. While stipulated contractual damages are available to UPS should Sports South terminate the Agreement prior to the expiration of the term without cause, there is no contractual penalty should Sports South terminate for cause.

14. Beginning in 2014 and continuing, at an increasing rate, through 2019, UPS lost numerous high security packages sent by Sports South to various customers. In 2014, UPS lost 31 of Sports South's high security packages. In 2015, UPS lost 44 of Sports South's high security packages. In 2016, UPS lost 30 of Sports South's high security packages. In 2017, UPS lost 46 of Sports South's high security packages. In 2018, UPS lost 135 of Sports South's high security packages. In 2019, UPS lost 132 of Sports South's high security packages.

15. At least as early as July 2019, Sports South made its concerns known to UPS, in writing by electronic mail to various UPS representatives.

16. UPS responded in writing by email to Sports South, acknowledging the issue and recognizing that UPS's performance was "unacceptable."

17. On February 14, 2020, Sports South gave written notice to UPS that it intended to terminate the Agreement for cause based upon UPS's unsatisfactory performance.

18. Subsequently, UPS attempted to "win back" Sports South's business through negotiations. Ultimately, those negotiations proved unfruitful.

19. On August 24, 2020, UPS, through counsel by letter, demanded that Sports South pay UPS $351,547.22 by August 31, 2020. Though UPS did not specify the source or basis for this amount, invoices sent by UPS and the Agreement make clear that the entirety of the amount sought is attributable to stipulated contractual damages set forth in the Agreement for early termination *without cause*.

20. UPS stated in its demand that it would institute legal action against Sports South should Sports South not comply with the demand by August 31, 2020.

**Cause of Action – Declaratory Judgment**

21. UPS was obligated under the Agreement to deliver Sports South's packages to its customers, consistently, reliably, and securely. In July 2019, UPS acknowledged, in writing by email, its understanding of the importance of reliable shipping to Sports South's business.

22. Given the nature of the goods sold by Sports South and shipping through UPS, losing even one package is poor performance. Losing hundreds is, in UPS's own words, "unacceptable."

23. Sports South's February 24, 2020 written notice of termination complied in all respects with the Agreement's requirements for such notices, including but not limited to providing the requisite notice period.

24. Accordingly, Sports South properly terminated the Agreement with cause. Therefore, Sports South is not liable to UPS for any contractual damages under the Agreement.

**Prayer for Relief**

WHEREFORE, Sports South respectfully requests that this Court enter judgment in its favor and against UPS:

1. Declaring that Sports South validly terminated the Agreement for cause;
2. Declaring that Sports South is not liable for any amounts claimed due by UPS under the Agreement;
3. For all costs of these proceedings to be taxed against UPS; and
4. For any and all additional relief to which Sports South is entitled, whether legal or equitable, under the premises stated herein.

Respectfully submitted,

/s/ *Reid A. Jones*
Frank H. Spruiell, Jr., La. Bar No. 1611
Reid A. Jones, La. Bar No. 34611
WIENER, WEISS & MADISON APC
A Professional Corporation
330 Marshall Street, Suite 1000 (71101)
P. O. Box 21990
Shreveport, Louisiana 71120-1990
Telephone: (318) 226-9100
Facsimile: (318) 424-5128
Email: fspruiell@wwmlaw.com
Email: rjones@wwmlaw.com

*Attorneys for Plaintiff, Sports South, L.L.C.*